### FRANCHI v. TIRELLI.

(Supreme Court, Appellate Term. March 21, 1905.)

DEBT OF ANOTHER—ASSUMPTION—CONSIDERATION.

> Where defendant, in consideration of plaintiff's forbearance to press her claim against the estate of defendant's deceased husband, agreed to pay the same herself, and, plaintiff having consented to such arrangement, defendant paid a part of the claim, such forbearance constituted a sufficient consideration to support the promise.
>
> [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 316–327, 337.]

Appeal from City Court of New York, Special Term.

Action by Angela Franchi against Angela Tirelli. From a judgment sustaining a demurrer to defendant's first defense, and sustaining

the complaint as stating facts sufficient to constitute a cause of action, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Frank A. K. Boland, for appellant.

Edward A. Alexander and J. Park Henderson, for respondent.

BLANCHARD, J. The complaint alleges, in substance, that the plaintiff sold certain goods to one Tirelli, who, before paying for them, died intestate. His widow, the defendant, was appointed the administratrix of the estate of the decedent, and continued to carry on the business in which he had been engaged. The plaintiff presented her claim to the administratrix, who agreed with her that, if she would not file and prove her claim against the defendant as administratrix, she (the defendant) would pay it herself out of the profits of her husband's business, and from the proceeds of a policy which had been taken out upon the life of her husband. The plaintiff relied upon this agreement of the defendant, and therefore did not prosecute her claim against the estate. The defendant partly performed her agreement by paying the plaintiff about 12 per cent. of her claim, but has failed to pay the balance. It is to recover this balance that this action is brought. The defendant, as separate defenses, pleads, first, the statute of frauds; and, second, no consideration. The plaintiff demurs to these defenses as insufficient in law. The judgment sustains the demurrer to the first defense, and overrules the demurrer to the second defense, and also sustains the complaint, as stating facts sufficient to constitute a cause of action. From this judgment the defendant alone appeals.

We are of the opinion that the complaint states a cause of action. The defendant had an individual interest in the property left by the testator, her husband, by virtue of the statute of distributions; and it was therefore for her benefit that the plaintiff, at her request, refrained from prosecuting her claim against the estate of which she was the administratrix. This forbearance on her part was sufficient consideration to support the defendant's promise to assume the debt and pay it as an original obligation. The fact that she has partly performed this agreement by making a substantial payment upon it supports this conclusion.

The judgment should therefore be affirmed, with costs. All concur.